IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARBARA EDWARDS,<br><br>                Plaintiff,<br><br>      v.<br><br>POWELL, ROGERS & SPEAKS, INC.,<br><br>                Defendant. | CIVIL ACTION NO.  06-1271 |

## MEMORANDUM ORDER

CONTI, District Judge.

Pending before this court are cross-motions for judgment on the pleadings filed by defendant Powell, Rogers & Speaks, Inc. ("defendant" or "PRS") and plaintiff Barbara Edwards ("plaintiff"). In her one count complaint, plaintiff alleges that PRS violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (the "FDCPA") by sending a collection notice that did not comply with the FDCPA. Specifically, plaintiff asserts that the collection notice failed to inform plaintiff that for a dispute of the debt sought to be collected to be effective, the dispute must be in writing.

*Background*

The collection notice at issue includes the following pertinent language:

> Pursuant to 15 U.S.C. [§] 1692g, unless within 30 days after receipt of this letter you dispute the validity of the debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within the 30 day period that the debt, or any portion thereof, is disputed, this office will obtain verification of

> the debt or, if applicable, a copy of a judgment against you and mail you a copy of such verification or judgment. Upon your written request within the 30 day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Compl. Ex. A. Plaintiff asserts that the first sentence in the quoted language (the "first sentence") violates the FDCPA because language to the effect that any dispute must be in writing was not included.

In its motion for judgment on the pleadings defendant argues that the collection notice fully complies with the FDCPA in that it sets forth the required language as established by section 1692g and recites the requisite language. In response, plaintiff moves for judgment on the pleadings arguing that the collection notice at issue violates the FDCPA by failing to include in the first sentence language that the dispute must be in writing.

On July 12, 2007, the court held a hearing on the parties' cross-motions for judgment on the pleadings. As set forth more fully on the record, defendant's motion for judgment on the pleadings was GRANTED and plaintiff's motion for judgment on the pleadings was DENIED because the collection notice at issue satisfies the requirements established by 15 U.S.C. §1692g.

*Standard of Review*

A motion for judgment on the pleadings will not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." Society Hill Civic Ass'n v. Harris, 632 F.2d 1045 (3d Cir.1980). When reviewing a motion for judgment on the pleadings, the court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." Id.

*Discussion*

**The Fair Debt Collection Practices Act**

In its motion, defendant PRS argues that the claim asserted against it should be dismissed because the collection letter at issue satisfies the FDCPA in that it includes requisite language from section 1692g. Plaintiff argues that the collection letter does not satisfy the FDCPA because it does not advise the recipient in the first sentence that to be effective any dispute must be in writing.

The FDCPA allows consumers who have been subjected to abusive, deceptive, and unfair debt collection practices to recover damages, attorney's fees and costs. 15 U.S.C. § 1692k(a). The FDCPA requires a debtor to send a written notice regarding a debt to the consumer. 15 U.S.C. § 1692g(a). The notice must contain a statutorily required validation notice. Id. It is well settled that "statutory notice under the [FDCPA] is to be interpreted from the perspective of the "'least sophisticated debtor.'" Graziano v. Harrison, 950 F.2d 107, 111 (3d Cir.1991) (citing Baker v. G.C. Servs., 677 F.2d 775, 778 (9th Cir.1982)). To comply with the terms of the FDCPA, the statutorily required notice must explain a debtor's rights in an effective manner. Id. (citing Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1225 (9th Cir.1988)). For example, "the notice must not be overshadowed or contradicted by accompanying messages from the debt collector." Id. A collection letter "is deceptive when it can be reasonably read to have two or more meanings, one of which is inaccurate." Wilson v. Quadramed Corp., 225 F.3d 30, 354 (3d Cir.2000). "The least sophisticated debtor standard is lower than simply examining whether particular language would deceive or mislead a reasonable debtor." Id. Although the least sophisticated debtor standard protects the naive, it also "prevents liability for bizarre or

idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." Id.

Generally, a validation notice must be sufficiently large and conspicuous to be noticed by the debtor, and "must not be overshadowed or contradicted by other messages from the debt collector." Graziano, 950 F.2d at 111.  The extraneous language is considered overshadowing or contradictory if it would cause the least sophisticated debtor to become confused or uncertain as to his rights under the FDCPA.  Adams v. Law Offices of Stuckert & Yates, 926 F.Supp.521 (E.D.Pa.1996) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir.1996)).

In this case there is no claim of confusion or deception.  Rather, plaintiff's complaint is premised solely on an alleged violation of 15 U.S.C. § 1692g(a) by reason of the failure to include the words "in writing" after the word "dispute" in the first sentence.  Section 1692g(a) provides in pertinent part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).  Specifically, plaintiff alleges that subsection (a)(3) requires that the debtor be advised that to be effective, the dispute must be in writing.  Plaintiff relies on Graziano to support her contention that defendant violated the FDCPA.

In Graziano, the United States Court of Appeals for the Third Circuit considered, among other things, whether a debt collector violated the FDCPA when the debt collector advised the debtor that "unless [the debtor] disputed the debt in writing within thirty days, the debt would be assumed valid."  Id. at 109 (emphasis added).  The notice also informed the debtor that "upon receiving written notice of a dispute, [the debt collector] would provide verification of the debt."  Id.  The plaintiff alleged that the debt collector violated the FDCPA by adding the "in writing" requirement to the section1692(a)(3) notice language.  The court acknowledged that the FDCPA does not expressly require that a debtor's dispute of a debt must be in writing.  Thus, arguably, the debt collector violated the statute by adding the writing requirement.

Upon analysis, the court found that "given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." Id. at 112.  The court reasoned that if a writing requirement was not implicated by subsection (a)(3), the debtor's non-written dispute of the debt would cause the debt collector to be without any statutory ground for assuming that the debt was valid.  The debt collector would not, however, be required to verify the debt or provide creditor information to the debtor, and would, thus, be permitted to continue debt collection efforts.  Id.  The court, therefore, concluded that subsection (a)(3) "contemplates that any dispute, to be effective, must be in writing."  Id.  Accordingly, the debt collector did not violate the FDCPA by adding a writing requirement to the dispute process set forth in subsection (a)(3).

In a more recent decision, Wilson v. Quadramed Corp., 225 F.3d 350 (3d Cir.2000), the United States Court of Appeals for the Third Circuit discussed Graziano and addressed a similar

5

issue. There the court considered a debt collection notice almost identical to the notice at issue in the instant matter. In <u>Wilson</u>, the debt collection notice provided:

> Our client has placed your account with us for immediate collection. We shall afford you the opportunity to pay this bill immediately and avoid further action against you.
> To insure immediate credit to your account, make your check or money order payable to ERI. Be sure to include the top portion of this statement and place your account number on your remittance.
> **Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.** If you notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

<u>Wilson</u>, 225 F.3d at 352 (emphasis added). The court determined that the notice letter presented the debtor with two options: "(1) an opportunity to pay the debt immediately and avoid further action, or (2) notify [the debt collector] within thirty days after receiving the collection letter that he disputes the validity of the debt." <u>Id.</u> at 356. The court found that "[a]s written, the letter does not emphasize one option over the other, or suggest that [the debtor] forgo the second option in favor of immediate payment." <u>Id.</u> Thus, the court concluded that the language in the debt collection letter did not overshadow the validation notice such that the least sophisticated debtor would be confused or misled as to his right to dispute or seek validation of the debt. <u>Id.</u> at 353. Although the court in <u>Wilson</u> did not specifically address subsection (a)(3) of section 1692g in its opinion, the court, which had cited <u>Graziano</u> for other issues, did not indicate that the debt collector's failure to add a writing requirement to subsection (a)(3) was a violation of the FDCPA.

Similarly in <u>Barnett v. Hobble</u>, 128 F.3d 497 (7th Cir.1997), the United States Court of Appeals for the Seventh Circuit reviewed a collection letter that supplemented the required

6

statutory disclosure with a claim that the debtor's failure to contact the debt collector within one week would result in legal action being commenced. The court found that the recipient would be confused with respect to how long he or she had to contest the debt's validity. The court, therefore, found that section 1692g had been violated by the addition of the supplemental language. In reaching its decision, the court also fashioned a "safe harbor" debt collection letter for complying with section 1692g. The content of the "safe harbor" debt collection letter provides in pertinent part:

> Federal law gives you thirty days after you receive this letter to dispute the validity of the debt or any part of it. If you don't dispute it within that period, I'll assume that it's valid. If you do dispute it-by notifying me in writing to that effect-I will, as required by the law, obtain and mail to you proof of the debt. And if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor ([name of creditor]), I will furnish you with that information too.

Bartlett, 128 F.3d at 501. Although the safe harbor language in Bartlett is not binding on this court, the court finds that similar language was used in the letter in issue here. The "safe harbor" letter did not include the phrase "in writing" after the word "dispute." The context of this language, like the context of the letter at issue here, contemplates that the dispute must be in writing. Following the sentence in issue is language that refers to disputing the validity of the debt in writing. It is clear from reading the context of the paragraph containing the first sentence as a whole that a debtor would understand a dispute should be in writing.

Here, like Wilson and unlike Graziano, defendant's letter does not indicate a time within which plaintiff must satisfy the outstanding debt. The collection notice indicates that the amount is just and due. The letter continues by offering suggestions that the plaintiff may take in order to receive financial assistance from another entity. Nowhere in the letter does defendant suggest, like in Graziano, that the payment is due immediately or within an impermissible time frame. Moreover, the notice does not contain contradictory, inconsistent or confusing language such that

the validation notice would confuse or misled the least sophisticated debtor regarding her rights. Finally, the validation notice was clear and conspicuous in that it was on the front of the collection notice and in the same font and size as the other text in the letter.

Plaintiff does not allege that defendant stated an impermissible time frame within which to pay the outstanding bill.  Instead, plaintiff alleges that defendant was required to advise plaintiff that in order for any dispute of the outstanding bill to be effective, the dispute must be in writing.  The notice sent to plaintiff clearly complies with the FDCPA.  The notice quotes, almost verbatim, the statutory language contained within section 1692g(a).  Essentially, the collection notice in the instant matter is one that is nearly identical to the "safe harbor" established by the United States Court of Appeals for the Seventh Circuit in Bartlett.  The collection notice here mirrors the notice reviewed by the United States Court of Appeals for the Third Circuit in Wilson, which was not found to violate the FDCPA.  Like, the notice in Wilson, the collection notice in the case *sub judice* complies with the FDCPA.  Accordingly, upon reviewing the notice, it is clear on the face of the pleadings that there are no material issues of fact remaining to be resolved and defendant is entitled to judgment as a matter of law.

**AND NOW**, on this 20th day of July, 2007, upon consideration of defendant's motion for judgment on the pleadings (Docket No. 11), plaintiff's motion for judgment on the pleadings (Docket No. 16) and argument of counsel, **IT IS ORDERED** that the motion for judgment on the pleadings filed by defendant Powell, Rogers & Speaks, Inc. (Docket No. 11) is **GRANTED WITH PREJUDICE.  IT IS FURTHER ORDERED** that judgment shall be entered in favor of the defendant and against plaintiff.  This case shall be marked closed by the clerk of courts.

By the court:

  /s Joy Flowers Conti
Joy Flowers Conti
United States District Judge


cc: Counsel of Record